IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BEAMER THORNTON,
        Plaintiff,

v.

JOBEC, INC.,
a Colorado corporation,

COLORADO HAMBURGER COMPANY, INC.,
a Colorado corporation and

FARMINGTON HAMBURGER COMPANY, INC.
a New Mexico corporation,

        Defendants.
_____

## COMPLAINT AND JURY DEMAND

Plaintiff, by her attorneys, Sholler Edwards, LLC, states her Complaint as follows:

### NATURE OF THE ACTION

This action seeks to correct the unlawful employment practice of maintaining a hostile work environment based on gender in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. (Title VII). Plaintiff contends Defendants, as an integrated enterprise, discriminated against her because of her gender, female, by subjecting her to a hostile work environment by the owner, John Bronson. Defendants were sued previously for unlawful sexual harassment and hostile work environment, when John Bronson was the owner, and all Defendants were bound by a Consent Decree enforced by the Equal Employment Opportunity Commission.

**JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. § § 1331. This action is authorized and instituted under Title VII, 42 U.S.C. § §2000e-2(a).

2. The employment practices alleged to be unlawful were committed in Colorado.

**PARTIES**

3. Plaintiff (Employee) is an individual who was employed by Jobec, Inc. (Jobec) in Durango, CO as an Office Manager between March 5, 2012 until she was constructively discharged on or about May 4, 2017.

4. JOBEC, Inc., a Colorado corporation (JOBEC), is a management company that provides management services and oversight to both Colorado Hamburger Company, Inc., (Durango McDonald's) and Farmington Hamburger Company, Inc. (Farmington McDonald's) (collectively, all Defendants may be referred to as McDonald's or Defendants).

5. At all times relevant to this action Defendant Durango McDonald's has continuously been and is now doing business in Colorado and has continuously employed at least fifteen (15) employees.

6. At all times relevant to this action, Farmington McDonald's, a New Mexico corporation, has continuously been and is now doing business in New Mexico, managed by JOBEC, and has continuously employed at least fifteen (15) employees.

7. At all times relevant to this action, Defendants have been an integrated enterprise doing business together as McDonald's franchises in both CO and NM. All paychecks for all Defendants employees are paid by JOBEC, policy manuals applicable to all Defendants are issued by JOBEC and job descriptions for all Defendants'

employees are issued by JOBEC. Together, Defendants have approximately 645 employees.

8. At all times relevant to this action, Defendants have continuously been and employer engaged in an industry affecting commerce within the meaning of Title VII.

## STATEMENT OF CLAIM

9. Prior to the filing of this action, Employee filed a Charge of Discrimination with the EEOC alleging Defendants' violations of Title VII. All conditions precedent to filing this action have been fulfilled.

10. Between Employee's employment with JOBEC from March 2012 until May 2017, she was subjected to ongoing sexual harassment and by Defendants' owner and Employee's direct supervisor, John Bronson.

11. John Bronson's conduct was of a sexual nature, was unwelcome and offensive, including but not limited to:

   a. Verbal comments about his sexual prowess and sexual activities;
   b. Verbal comments about several affairs he had during his first marriage;
   c. Verbal comments about an affair he had with a woman in the JOBEC office;
   d. Verbal comments about a woman he tried to seduce on a trip with his second wife;
   e. Physical gestures such as rubbing his nipples in front of Employee;
   f. Physical gestures such as frequent groping of his crotch;
   g. Physical conduct trying to hug Employee and verbally asking for hugs;

h. While Employee stood at the copy/fax machine, repeatedly physically rubbing up against her while getting to the kitchen or bathroom (a tight squeeze);

i. Hanging over Employee's desk/computer trying to look down her blouse;

j. Verbally repeatedly saying he wished he met Employee "in her younger years";

k. More than once called Employee on the phone asking her what color her panties were;

l. Asking Employee on the phone what she was wearing;

m. Repeatedly, when Employee wore a white blouse, telling her he "liked your lacy bra;"

n. Verbally asked Employee to be his "travel buddy" after he retired, since he was getting divorced;

o. Physically rubbing Employee's back at her bra strap line. When she told him "don't do that!" He demonstrated the same conduct to Jennifer Donahue, a JOBEC office employee, who also indicated it was improper;

p. Thereafter, John Bronson was prohibited from calling Employee and from being alone with her in the office without supervision. But, 3-4 months later, his son, Brett Bronson, who was taking over management of the Durango McDonald's, asked Employee to allow him back into the office. Upon return to the office, John Bronson continued to repeatedly make similar comments of a sexual nature that were unwelcome and offensive

to Employee, where he then said, "Oh, I can't say that anymore." This continued until Employee quit.

12. Upon John Bronson's return to work, Brett Bronson retaliated against Employee for her complaints about John Bronson's sexual harassment by a series of behaviors to force Employee to quit, including but not limited to: Constant criticizing of Employee regardless of what she did; accusing her of lying to him and refusing to take his orders; and denying her requested vacation due to his change in the Month End reports from the 1st of the month to the 2nd when she planned to travel on the 2nd.

13. Knowing that John Bronson was the owner, and his son, Brett Bronson was being groomed to take of the McDonald's franchises, no prompt correction of the ongoing unwelcome and offensive conduct occurred, and in fact it continued, and Employee was retaliated against, Employee was forced to quit as a constructive discharge.

14. Such conduct created a hostile work environment for Employee based on her gender, female.

15. This work environment negatively altered the terms and conditions of Employee's employment with JOBEC, including but not limited to ongoing anxiety, stress, humiliation and fear at work which also negatively impacted her personal life.

16. Defendants were aware of the sexual harassment because John Bronson was the owner of all Defendants, Employee complained to management, and management prohibited John Bronson for being alone in the JOBEC office without supervision for a short time, but then allowed him to return.

17. Defendants failed to take prompt reasonable measures to stop the unlawful sexual harassment. Defendants violated their own sexual harassment policy by their inaction.

18. The cumulative effect of the events described above, including sexual harassment by John Bronson and Defendants' failure to promptly and adequately respond to Employee's complaints of sexual harassment pursuant to their sexual harassment policies and procedures deprived Employee of equal employment opportunities.

19. Defendants were previously party to an EEOC Consent Decree prohibiting them from future sexual harassment, and requiring the implementation of stronger policies, training, enforcement, and discipline for violations.

20. The unlawful employment practices described above were intentional.

21. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Employee.

WHEREFORE Plaintiff respectfully requests the Court:

A. Order Defendants to make Employee whole by providing all compensation for past and future pecuniary losses resulting from the unlawful employment practices described above,

B. Order Defendants to make Employee whole by providing compensation for all past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

C. Order Defendants to pay Employee punitive damages for their malicious and/or reckless conduct described above;

D. Order Defendants pay Employee all other damages allowed by the greatest extent of the law, including pre-trial and post-trial interest, costs and attorney's fees.

E. For such other relief as this Court deems just and necessary.

**JURY DEMAND**

Plaintiff requests a jury trial.

Dated: March 27, 2018.

Respectfully submitted:

Sholler Edwards, LLC
s/Lynne Sholler
Lynne@ShollerEdwards.com
s/Anthony Edwards
Anthony@ShollerEdwards.com
1099 Main Avenue, #409
Durango, CO 91301
1-855-649-5884