IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-713-MEH

**BEAMER THORNTON**,

    Plaintiff,

v.

**JOBEC, INC.,** a Colorado corporation**;**
**COLORADO HAMBURGER COMPANY, INC.,**
a Colorado corporation**;** and
**FARMINGTON HAMBURGER COMPANY, INC.,**
a New Mexico corporation,

    Defendants.

---

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Jobec, Inc. ("Jobec"), Colorado Hamburger Company, Inc. ("Colorado Hamburger,") and Farmington Hamburger Company, Inc. ("Farmington Hamburger") (collectively, "Defendants,") through their undersigned counsel, respectfully move this Court to dismiss Plaintiff's claims against Defendants for failure to state a claim upon which relief can be granted. In support of its motion, Defendants states as follows:

### INTRODUCTION

Plaintiff's complaint should be dismissed because she has not set out facts sufficient to demonstrate that Defendants constitute an integrated enterprise. Unless the Defendants are an integrated enterprise, Plaintiff cannot meet the numerical requirement under Title VII. As Plaintiff admits, she was employed by Jobec, and Jobec only has six employees. To get around

this requirement, Plaintiff alleges, in conclusory fashion, that Defendants are an "integrated enterprise." Unfortunately, this conclusory allegation does not support Plaintiff's claim. The facts Plaintiff alleges amount to no more than a description of a management company. This is not sufficient, and the claims against Defendants should be dismissed.

## STATEMENT OF FACTS

Plaintiff brings this action against Defendants, collectively, "as an integrated enterprise …." Complaint (Dkt. 1) ("Compl.") at p. 1. Jobec is a management company. *Id*. at ¶ 4. It employed Plaintiff as an office manager. *Id*. at ¶ 3. Jobec had a total of six employees. Jobec provides management services to Colorado Hamburger and Farmington Hamburger, two McDonald's franchises. *Id*. at ¶ 4. Plaintiff alleges that Defendants are an integrated enterprise because they are "doing business together as McDonald's franchises in both CO and NM. All paychecks for all Defendants['] employees are paid by J[obec,] policy manuals applicable to all Defendants are issued by J[obec] and job descriptions for all Defendants' employees are issued by J[obec]." *Id*. at ¶ 7.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1017 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[M]ere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

plaintiff must offer specific factual allegations to support each claim." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). "The complaint must set forth sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id*.

As discussed below, Plaintiff's Complaint is deficient because she has failed to allege facts beyond mere labels and conclusory allegations sufficient to establish a violation under Title VII. Accordingly, the Complaint should be dismissed.

## ARGUMENT

### A. Plaintiff Fails to Establish that Defendants Are an Integrated Enterprise; Accordingly, the Claims Against Colorado Hamburger and Farmington Hamburger Should Be Dismissed.

To establish an integrated enterprise, the court uses the single employer test. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014). Under the single employer test, a plaintiff who is the employee of one entity may hold other entities liable by arguing they constitute a single employer. *Id*. The single employer test focuses on the relationship between the entities. *Id*. The court weighs four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. *Id*. Centralized control of labor relations is the most important factor, and specifically "what entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 n. 9 (10th Cir. 2011).

Plaintiff fails to establish that Defendants constitute an integrated enterprise. Other than conclusory assertions, Plaintiff alleges that Defendants are an integrated enterprise because (1) Jobec issues Colorado Hamburger's and Farmington Hamburger's paychecks, (2) the Defendants have a shared handbook that is issued by Jobec, and (3) Jobec issues Defendants' job

3

descriptions. This is not sufficient. It simply describes typical management company functions. It does not address any of the four factors under the single employer test, including the most important factor – the centralized control of labor relations. This is because Plaintiff cannot allege these facts. As she admits, she was employed by Jobec. Compl. at ¶ 3. Jobec had the sole authority to hire, discipline, and fire her. Jobec maintained her personnel records, and she worked in Jobec's office where Jobec leased space. Simply put, Plaintiff has not, and cannot, state a claim for an integrated enterprise against Defendants. Colorado Hamburger and Farmington Hamburger did not employ Plaintiff, or control her employment in any way. Her claims against them should be dismissed.

### B. Plaintiff's Claims Against Jobec Must Be Dismissed Because It Is Not An "Employer" as Defined by Title VII.

The claims against Jobec should be dismissed because it does not qualify as an "employer" under Title VII. A prima facie case under Title VII requires, among other things, proof that Jobec is an employer under 42 U.S.C. § 2000e–2(a); *Knitter*, 758 F.3d at 1225 ("If a plaintiff cannot meet her burden to prove the defendant was her employer, her…retaliatory termination claims necessarily fail."). An "employer" is defined as a person who employs fifteen or more employees. 42 U.S.C.A. § 2000e(b). This numerical requirement is an element of plaintiff's claim for relief. *Potsko v. Breckenridge Family Dental, PLLC*, No. 12-CV-01631-RBJ, 2013 WL 674882, at *1 (D. Colo. Feb. 25, 2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). Accordingly, Jobec's motion to dismiss on these grounds should be analyzed under Federal Rule of Civil Procedure 12(b)(6). *Id*. Jobec only has six employees. It does not meet the definition of an employer under Title VII and plaintiff does not allege otherwise. Therefore, Jobec should be dismissed as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their motion to dismiss Plaintiff's Complaint with prejudice because the Defendants are not an integrated enterprise and Jobec does not meet the threshold numerical requirement of fifteen employees under Title VII.

Dated this 4th day of June, 2018.

FISHER & PHILLIPS LLP

*s/ Danielle Urban*
Danielle Urban
Kevin J. Burns
FISHER & PHILLIPS LLP
1801 California Street #2700
Denver, CO  80202
Telephone:  303-218-3654
Facsimile:  303-218-3651
durban@fisherphillips.com
kburns@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of June, 2018, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was served via CM/ECF to:

Lynne Sholler
Anthony Edwards
SHOLLER EDWARDS, LLC
1099 Main Avenue, #409
Durango, Colorado  91301
Lynne@ShollerEdwards.com
Anthony@ShollerEdwards.com

*s/ Danielle Urban*
Danielle Urban
For FISHER PHILLIPS LLP