IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00713-PAB-SKC

BEAMER THORNTON,

    Plaintiff,

v.

JOBEC, INC., a Colorado corporation,
COLORADO HAMBURGER COMPANY, INC., a Colorado corporation, and
FARMINGTON HAMBURGER COMPANY, INC., a New Mexico corporation,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 13]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The allegations in plaintiff's Complaint and Jury Demand [Docket No. 1] are to be taken as true in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Plaintiff worked as an office manager for defendant JOBEC, Inc. ("JOBEC") between March 5, 2012 and May 4, 2017. Docket No. 1 at 2, ¶ 3. JOBEC provides management services and oversight to defendants Colorado Hamburger Company, Inc.

and Farmington Hamburger Company, Inc. (the "McDonald's defendants").[1]  *Id*.,    ¶ 4. In particular, JOBEC issues paychecks and provides policy manuals and job descriptions for employees of all defendants.  *Id*. at 2-3, ¶ 7.  John Bronson is the owner of each defendant and was plaintiff's direct supervisor at JOBEC.  *Id*. at 3, ¶ 10. Collectively, defendants have approximately 645 employees.  *Id*., ¶ 7.  Plaintiff alleges that, over the course of her employment, John Bronson subjected her to verbal and physical sexual harassment.  *Id*. at 3-5, ¶ 11.  Plaintiff further alleges that Brett Bronson, John Bronson's son, retaliated against her for complaining about John Bronson's sexual harassment.  *Id*. at 5, ¶ 12.[2]  As a result of John Bronson's and Brett Bronson's actions, plaintiff was forced to quit her job.  *Id*., ¶ 13.  On March 27, 2018, plaintiff filed this lawsuit against JOBEC and the McDonald's defendants.  *Id*.  Plaintiff asserts a claim against all defendants under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*., for maintaining a hostile work environment based on gender.  *Id*. at 1.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The McDonald's defendants operate McDonald's franchises in Colorado and New Mexico.  Docket No. 1 at 2, ¶ 7.

[2] The complaint does not specify what role Brett Bronson had at JOBEC, other than that he was "taking over management of" defendant Colorado Hamburger Company.  Docket No. 1 at 4, ¶ 11(p).

(2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

## III. ANALYSIS

### A. Whether the Defendants are an "Integrated Enterprise"

Plaintiff alleges that, although she was employed by JOBEC, the McDonald's defendants are also liable because the three entities make up an "integrated enterprise." Docket No. 1 at 2-3, ¶ 7. Defendants argue that plaintiff's allegations regarding defendants being an "integrated enterprise" are not plausibly alleged. Docket No. 13 at 3.

Title VII makes it unlawful for an "employer" to "discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of

employment" on account of sex. 42 U.S.C. § 2000e-2(a)(1); *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014). An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). At the motion to dismiss stage, plaintiff must allege facts that, if proven, would show that defendant was an "employer" for purposes of Title VII.

Plaintiff does not claim that JOBEC has more than fifteen employees; rather, she claims that JOBEC and the McDonald's defendants collectively have more than fifteen employees and may be considered together as a single employer. *See* Docket No. 16 at 2, ¶¶ 1, 5. To determine whether multiple entities effectively constitute a single employer (also called an "integrated enterprise"), courts weigh four factors: "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Knitter*, 758 F.3d at 1227 (citing *Bristol v. Board of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1220 (10th Cir. 2002)). "Courts generally consider the third factor – centralized control of labor relations – to be the most important." *Bristol*, 312 F.3d at 1220.

In support of her assertion that defendants are a single employer, plaintiff makes the following allegations. Defendant JOBEC provides management services and oversight to the McDonald's defendants. *See* Docket No. 1 at 2, ¶ 4. John Bronson owns all defendants. *See id*. at 3, ¶ 10. Defendant JOBEC cuts the paychecks, issues policy manuals, and issues job descriptions for employees of all defendants. *See id*. at 2-3, ¶ 7. The Court finds that these allegations do not plausibly allege that defendants make up an integrated enterprise. Plaintiff has presented some evidence to support the

4

first factor, since issuing paychecks is one piece of evidence that is "routinely used to show interrelated operations." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1363 (10th Cir. 1993) (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987)).  However, plaintiff has not presented any evidence indicating that JOBEC and the McDonald's defendants had common management other than the "management services" provided by JOBEC.  *See* Docket No. 1 at 2, ¶ 4.  Common management requires some showing that defendants had common officers and more than one common manager.  *See Frank*, 3 F.3d at 1364 (collecting cases).  Additionally, plaintiff has not alleged facts plausibly indicating that the defendants had centralized control of labor relations, which is the most important factor.  *See Bristol*, 312 F.3d at 1218.  "To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary."  *See Frank*, 3 F.3d at 1363 (collecting cases).  Plaintiff's allegation that JOBEC issued policy manuals and job descriptions for the McDonald's defendants is insufficient to show centralized control.  *See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1071 (10th Cir. 1998) ("The existence of [one entity's] policies is not enough to demonstrate [one entity's] centralized control of [another entity's] labor relations.)  Plaintiff makes no assertion that JOBEC could hire and fire individual employees at either of the McDonald's defendants (and vice versa).  *See id*. (holding that the third factor is not satisfied when plaintiff does not provide evidence whether one entity controlled or made final decisions regarding another entity's employment decisions).  Finally, while plaintiff does allege that defendants share common ownership, "this factor, standing alone, can never be sufficient to establish parent

5

liability." *See Frank*, 3 F.3d at 1364. Without more, the Court cannot conclude that the complaint plausibly alleges that defendants are a single employer.

Plaintiff claims that a stipulation in a related case confirms that the defendants are an integrated enterprise. *See* Docket No. 16 at 6 (*citing EEOC v. Colo. Hamburger Co.*, No. 06-cv-01871-MSK-CBS, Docket No. 30 (D. Colo. Sept. 13, 2007)). The four corners of the complaint do not refer to the stipulation. *See* Docket No. 1. Even if the Court could consider the stipulation on a motion to dismiss, however, the stipulation is expressly limited to the earlier action. *See EEOC*, Docket No. 30 at 1 ("Defendants hereby stipulate *in this action* that Colorado Hamburger Company, Inc., Farmington Hamburger Company, Inc., and JOBEC, Inc. are an integrated enterprise. . . ." (emphasis added)). "[I]ssue preclusion ordinarily does not attach unless it is clearly shown that the parties intended that the issue be foreclosed in other litigation." *See* 18A Charles Alan Wright *et al.*, Federal Practice & Procedure § 4443 (3d ed.).

As the Court finds that plaintiff has not pled facts that plausibly allege that defendants are an integrated enterprise, and that there are no allegations otherwise linking the McDonald's defendants to her claims, the Court will grant the motion to dismiss as to the McDonald's defendants.

### B. Whether Defendant JOBEC is an "Employer"

Defendants argue that JOBEC should be dismissed because, without including the employees from the McDonald's defendants, plaintiff has not alleged that JOBEC has a sufficient number of employees to meet Title VII's jurisdictional requirements. Docket No. 13 at 4. In the complaint, plaintiff alleges that "[t]ogether, [d]efendants have

approximately 645 employees." Docket No. 1 at 2-3, ¶ 7. Plaintiff alleges that the McDonalds defendants "[have] continuously employed at least fifteen (15) employees." *Id*. at 2, ¶¶ 5-6. However, plaintiff makes no similar assertion about JOBEC. *See id*., ¶ 4.[3] In her response, plaintiff does not argue that JOBEC, standing alone, satisfies Title VII's jurisdictional requirement. *See* Docket No. 16 at 6-7. Accordingly, the Court concludes that plaintiff has not plausibly alleged that JOBEC is an "employer" under Title VII and will grant the motion to dismiss as to JOBEC.

### C. Plaintiff's Motion for Leave to Amend

In her reply brief, plaintiff requests that, in the event that the Court deems the allegations in the complaint deficient, she be granted leave to amend the complaint under Fed. R. Civ. P. 15. *See* Docket No. 16 at 7. The request is improper for two reasons. First, under this Court's Local Rules, "[a] motion shall not be included in a response or reply to the original motion." *See* D.C.COLO.LCivR 7.1(d). Thus, the Court will not construe this request as a motion for leave to amend under Fed. R. Civ. P. 15. Second, "[i]f a party seeks to amend a pleading following the [C]ourt's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend which gives adequate notice of the basis for the proposed amendment." *See Requena v. Roberts*, 893 F.3d 1195, 1208 (10th Cir. 2018) (internal alterations and quotations omitted). Even if plaintiff's request were a proper motion, she presents no support for

---

[3] Defendants represent that JOBEC only has six employees. Docket No. 13 at 4.

the "further details" offered in her reply which she asserts would justify granting leave to amend the complaint. See Docket No. 16 at 7.

IV. **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 13] is **GRANTED**. It is further

**ORDERED** that plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED February 8, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge